# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KINGA PINDERA-KUCZEK and MATEUSZ KUCZEK, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 17 C 4590 ) |
| TARGET CORPORATION and CARLSON BUILDING MAINTENANCE, INC., | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Kinga Pindera-Kuczek fell while shopping at a Target store in Wood Dale, Illinois on a Saturday afternoon in November 2016. Pindera-Kuczek and her husband, Mateusz Kuczek, brought a negligence suit against Target Corporation and Carlson Building Maintenance, Inc., the company with which Target had contracted to clean and maintain the store's floor. Target later filed a crossclaim against Carlson, alleging, among other claims, that Carlson had a duty to indemnify and defend Target in the underlying suit. Both defendants have moved for summary judgment against the plaintiffs, and Target has moved for summary judgment against Carlson on its claim of express indemnification.

## Background

Pindera-Kuczek was shopping at the Wood Dale Target store in the early afternoon of November 5, 2016. Security footage shows that she entered aisle A-31

just before 2:30 p.m. and squatted in the aisle to find a product on a low shelf. Because the shelf was disorganized, Pindera-Kuczek had difficulty finding the product. After squatting for about a minute, she fell to the floor, injuring her left knee and her back. (The parties dispute whether Pindera-Kuczek simply fell backward or whether her feet slipped out from under her; the lower part of her body is obscured in the surveillance tape.) Her knee injury was eventually treated with physical therapy and surgery.

After the accident, three Target employees came to assist her, as did her husband Mateusz. Though the floor where Pindera-Kuczek fell was clean and dry, she and Mateusz both testified that floor looked shiny and felt slippery. The three employees also prepared incident reports which noted that that area of the floor was slippery and referred to the floor having been recently waxed.

In fact, the floor had not been waxed in nearly three weeks, though it had been buffed, burnished, and/or polished four to ten hours earlier. Under an agreement between Target Corporation and Carlson Building Maintenance, Carlson was responsible for waxing and cleaning the floor and ensuring it was slip-free. Earlier that day two Carlson employees worked in the Wood Dale Target from roughly 5:00 to 10:00 a.m. sweeping, machine-washing, and machine-polishing the floors. As a result of Carlson's maintenance work over the preceding months, there were eight layers of wax on the floor at the time Pindera-Kuczek fell.

Pindera-Kuczek and Mateusz brought this suit against Target and Carlson, claiming negligence, premises liability, and loss of consortium. Target also filed a crossclaim against Carlson for contribution, express indemnification, implied indemnification, and breach of contract. Target and Carlson have each moved for

2

summary judgment against the plaintiffs, and Target has also moved for summary judgment against Carlson on its express indemnification claim.

## Discussion

A federal district court exercising diversity jurisdiction must apply state substantive law, though summary judgment procedure is governed by federal law. *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006).

Under Federal Rule of Civil Procedure 56(a), the party moving for summary judgment must show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Dunn v. Menard, Inc.*, 880 F.3d 889, 905 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). To survive summary judgment, the nonmoving party must sufficiently establish the existence of each element of any claim on which that party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Though all evidence must be viewed in favor of the non-moving party, "inferences relying on mere speculation or conjecture will not suffice." *DiPerna v. Chicago Sch. of Prof'l Psychology*, 893 F.3d 1001, 1006 (7th Cir. 2018) (internal quotation mark omitted).

**A.    Target and Carlson's motions for summary judgment against the plaintiffs**

A plaintiff alleging negligence must show that the defendants owed the plaintiff a duty of care and that a breach of that duty proximately caused an injury to the plaintiff. *Vancura v. Katris*, 238 Ill. 2d 352, 373, 939 N.E.2d 328, 342 (2010). A claim of premises liability under 740 ICLS 130/2 also requires the plaintiff to prove the elements

of negligence. *Stanley v. Ameren Illinois Co.*, 982 F. Supp. 2d 844, 855 (N.D. Ill. 2013).

"[B]usinesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). When a patron slips on a foreign substance, the proprietor may be liable in one of three ways: (1) the proprietor or his servants negligently placed the substance there; (2) the proprietor or his servants knew about the substance; or (3) the substance was there long enough to give the business constructive notice. *Id.*

Carlson argues that the record contains no evidence that either defendant had actual or constructive notice of a dangerous condition, and the plaintiffs concede as much. Carlson's Mem. Supp. Mot. Summ. J at 12; Pl.'s Resp. Opp. Carlson's Mot. for Summ J. at 6. Instead the plaintiffs argue that the defendants are responsible for negligently waxing or cleaning the floor. The defendants contend that the undisputed facts show that no reasonable jury could find that they breached a duty of care—an essential element of negligence on which the plaintiffs bear the burden of proof. For their part, the plaintiffs seek to show that there is a genuine dispute regarding the defendants' breach by pointing to two types of evidence: statements from witnesses that the floor was slippery and shiny and evidence that the floor had been recently waxed, cleaned, or buffed.

### 1. Evidence that the floor was slippery and shiny

Waxing or oiling a floor does not by itself constitute negligence under Illinois tort law. *Lucker v. Arlington Park Race Track Corp.*, 142 Ill. App. 3d 872, 874, 492 N.E.2d 536, 538 (1986); *Dixon v. Hart*, 244 Ill. App. 432, 434-35, 101 N.E.2d 282, 284 (1951); *see also Redenbaugh v. Residence Inn by Marriott, LLC*, No. 11 C 3174, 2013 WL

4

1986382, at *3 (N.D. Ill. May 10, 2013); *Carlson v. Wal-Mart Stores, Inc.*, No. 06 C 4318, 2007 WL 4569867, at *3 (N.D. Ill. Dec. 21, 2007). Instead, the plaintiff must point to specific evidence that the defendant was negligent in *how* it maintained its floors—for example, evidence that the wax was negligently chosen or applied. *Lucker*, 132 Ill. App. 3d at 874, 492 N.E.2d at 538.

To establish that the defendants breached their duty of care, the plaintiffs may not rely on subjective verbal characterizations that the floor was slippery or shiny. In *Lucker*, the plaintiff and another witness both testified that a recently painted area of the floor was slippery. The trial court granted a directed verdict for the defendant on the issue of liability. The Appellate Court upheld the directed verdict on review, reasoning that the witnesses' vague, subjective observations were insufficient to support a finding for the plaintiff because the testimony failed to "give the trier of fact a basis for balancing the defendant's conduct against the requisite standard of care." *Id.* The plaintiff had not introduced evidence showing negligent conduct by the defendant, such as that the paint defendant had used was dangerously slippery, and the "subjective observation of the witness" was "not evidence that the defendant was negligent in the way it maintained its floors." *Id.*

Similarly, in *Magallon v. The Limited Stores, Inc.*, No. 86 C 9809, 1988 WL 92695 (N.D. Ill. Aug. 31, 1988), the plaintiff slipped and fell in the aisle of a clothing store. She testified that the floor where she fell was "highly waxed" and "shiny," but she could not point to "any specific evidence that would tend to show defendant's negligence." *Id.* at *1-3. The court granted summary judgment to the defendant. Following *Lucker* and *Dixon*, the court ruled that these "'subjective verbal characterizations' and conclusory

5

statements that a floor was 'shiny' or 'slippery' do not create genuine issues of material fact for trial." *Id.* at *2.

The plaintiffs cite two ostensibly contrary cases, but the facts of each differ importantly from this one. In *Brama v. Target Corp.*, No. 14 C 06098, 2017 WL 2404954 (N.D. Ill. June 2, 2017), the plaintiff opposing summary judgment had testified that she slipped on a wet floor but could not identify how the water had come to be there. The court held that there was nonetheless a genuine dispute regarding the defendant's breach of a duty because there was additional testimony by an employee suggesting that Target had actual or constructive notice of a dangerous condition. *Id.* at *3. Additional evidence of notice also distinguishes *Koehler v. Great Atlantic & Pacific Tea Co.*, 90 Ill. App. 2d 458, 232 N.E.2d 780 (1967). There, the plaintiffs, like Pindera-Kuczek, presented evidence that there was a foreign substance on the floor that was waxy and slippery. But as in *Brama*, the court held that there was a dispute as to breach because "the substance had been there for an adequate period of time for the defendant, in the operation of due care, to have discovered its existence." *Id.* at 462.

In this case, by contrast, the plaintiffs have not argued or presented evidence that the defendants failed to fix a problem about which they knew or should have known. Rather, the plaintiffs contend that the defendants negligently waxed or cleaned the floor. Under *Lucker*, therefore, the plaintiffs must point to evidence of negligence in connection with how the floor was waxed or cleaned. Evidence that defendants were aware of a slippery condition after the fact does not assist the plaintiffs in showing that the defendants acted negligently in applying wax or cleaning the floor.

As in *Lucker*, the plaintiffs rely on witnesses' impressions about the appearance

and feel of the floor in the spot where Pindera-Kuczek fell. But because these impressions are legally insufficient under Illinois law to establish a breach of duty, they provide no support for this essential element of the plaintiffs' claims.

    **2.    Evidence that the floor had been recently waxed, cleaned, or buffed**

The plaintiffs' remaining evidence that the defendants breached a duty of care amounts to speculation that the floor became slippery through negligent cleaning or waxing. In particular, the plaintiffs emphasize an incident report in which a Target employee stated that the floor was "somewhat slippery from being recently waxed." To the contrary, it is undisputed that the floor had not been waxed in nearly three weeks, and that same employee acknowledged during his deposition that he had no basis for believing the floor had been recently waxed other than that it "had a sheen to it." Dkt. No. 49, Carlson's Ex. F at 85:4–17 (Matz Dep.). Thus the employee's statement regarding why the floor was slippery lacks a proper foundation and is inadmissible. Moreover, the defendants introduced unrebutted testimony that a waxed floor becomes "tacky"—that is, sticky rather than slippery—about two hours after waxing. Dkt. No. 49, Carlson's Ex. P at 53:24– 54:2 (Chwalinski Dep.). In short, even with reasonable inferences drawn in the plaintiffs' favor, the contention that Target or Carlson negligently waxed the floor is not supported by evidence which would make it more than a theoretical possibility.

Though the plaintiffs primarily assert that the *wax* on the floor caused Pindera-Kuczek to slip, they also suggest that the floor may have been slippery from having been recently buffed. Although defendants concede that the floor had been burnished, buffed, or polished about four to ten hours before Pindera-Kuczek fell, they also

7

presented unrebutted testimony that the floors are slip-free immediately after buffing. It is similarly undisputed that buffing does not "re-activate" wax on the floor. The plaintiffs have identified, and the record contains, no evidence of negligence by either defendant in the maintenance of the floor four to ten hours before the accident.

The plaintiffs cite *Fultz v. Target Corp.*, No. 14 C 4871, 2016 WL 374141 (N.D. Ill. Feb. 1, 2016), to argue that recent buffing is sufficient to create a genuine dispute as to the defendants' alleged breach. Their reliance on *Fultz* is misplaced. In that case, the court granted summary judgment for the defendant, reasoning that the plaintiffs' only evidence was subjective observations of the sort that are insufficient under *Lucker*. *Id.* at *4. The court went on to note that "[a]bsent some indication that the particular floor area at issue had, in fact, been buffed or treated shortly before Fultz's accident *and* that the buffing was done negligently," the plaintiffs could not withstand summary judgment. *Id.* at *6 (emphasis added). But the plaintiffs' claim in this case equally fails to meet that requirement, as there is no evidence whatsoever that the buffing was done negligently.

For the reasons described, the plaintiffs have not shown a genuine dispute regarding defendants' alleged breach of a duty of care.

### 3. The plaintiffs' remaining arguments

The plaintiffs make several additional arguments in response to the defendants' motions for summary judgment. None is persuasive.

#### a. Liability for messy or improperly stocked shelves

In their opposition to summary judgment, the plaintiffs advance an alternative theory of liability, arguing that Pindera-Kuczek was squatting in the aisle for a full minute only because she was unable to find the product she was looking for on the store's

disorganized shelves. Though the defendants do not dispute that the shelves were disorganized, they correctly observe that the plaintiffs' complaint omits any mention of messy shelves as a basis for liability. At the summary judgment stage, introducing a new basis for liability that depends on matters not alleged in the complaint is impermissible. *See Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002).

The plaintiffs attempt to downplay this omission by citing the allegation in the complaint that the defendants were "otherwise careless and/or negligent." This catch-all allegation is plainly insufficient to permit plaintiffs to introduce a new basis for liability at this stage. To state a claim for relief, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and a "formulaic recitation of the elements of a cause of action" is not adequate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Interpreting this generic, boilerplate allegation to permit the plaintiffs to assert a new basis for liability at the summary judgment stage would contravene the basic principles of notice pleading.

Even if plaintiffs had adequately pleaded their "messy shelves" contention, they have offered no evidence that either defendant caused the shelves to be disorganized, knew or should have known that they were disorganized, or acted unreasonably in doing so. The Court concludes that plaintiffs' newly identified theory of liability is deficient for this reason as well.

### b. Failure to respond separately to the plaintiffs' claims

The plaintiffs argue that the defendants' motions for summary judgment are deficient because they fail to separately address each of their causes of action. The short answer is that the defendants were not required to do so, because their motions

and supporting memoranda adequately established their entitlement to summary judgment on all three claims. Liability on each of the plaintiffs' claims depends on the same core allegation of negligence by Target and Carlson. The premises liability statute simply applies a duty of "reasonable care" to both invitees and licensees, and a plaintiff must still prove all the elements of a negligence claim to prevail under the statute. 740 ILCS 130/2; *Stanley v. Ameren Illinois Co.*, 982 F. Supp. 2d 844, 855 (N.D. Ill. 2013). And the plaintiffs' claim for loss of consortium in turn depends entirely on the defendants' liability for negligently causing Pindera-Kuczek to fall. Defendants did not have to formally address each claim separately.

### c. Faulty affidavits

The plaintiffs object to two affidavits—those of Ausencio Gil and Kaylee Brown—as violating the requirement in Rule 56 that affidavits be made on personal knowledge because the final page of each document avers that the affiant's statements are "true and accurate to the best of my knowledge and belief." The plaintiffs are correct that, in general, affidavits submitted in support of or opposition to summary judgment motions must be based on personal knowledge, rather than mere information or belief. *Visser v. Packer Engineering Associates, Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). But the reference to "knowledge and belief" does not show that the affiants' statements are improper. Most of the statements in the affidavits explain the basis for the affiant's personal knowledge, and where they fail to do so, they state facts that would be personally known to employees with the job responsibilities and access to documents that they had. The plaintiffs have not argued that any particular statement is improperly based on hearsay, conjecture, or speculation.

Even if the court were to strike those affidavits, however, it would not affect the disposition of the defendants' motions. The facts alleged in the Gil and Brown affidavits are largely redundant with their own deposition testimony and that of other witnesses. Plaintiffs do not dispute any material facts evidenced only by the affidavits.

### d. Spoliation

The plaintiffs accuse Target of failing to preserve a surveillance tape showing the maintenance and cleaning Carlson's employees performed on the morning of the accident. They argue that this alleged spoliation precludes granting summary judgment for Target. In order to benefit from an inference that the surveillance tape contained information adverse to the defendants, however, the plaintiffs must show that Target intentionally destroyed it in bad faith. *Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.2d 422, 428 (7th Cir. 2010). Not only do plaintiffs fail to allege or offer any evidence of bad faith by Target, but Target denies that any such surveillance tape ever even existed, and the plaintiffs have introduced no evidence that would permit a finding that it did. Because the allegations and evidence of spoliation are insufficient, the plaintiffs cannot benefit from an inference that the supposed tape contained evidence adverse to the defendants.

## B. Target's motion for partial summary judgment against Carlson

Defendant Target moved for summary judgment on count two of its crossclaim against Carlson, arguing that the Supplier Qualification Agreement signed by both parties requires Carlson to defend and indemnify Target in this suit.

### 1. Indemnification

The parties agree that a claim for indemnification is unripe unless and until there

has been a judgment, settlement, or payment in the underlying suit.  In any event, the disposition of the defendants' motions for summary judgment against the plaintiffs renders any dispute about indemnification moot, as there is no judgment or settlement for which either defendant will be liable.  *See Medline Indus., Inc. v. Ram Med., Inc.*, 892 F. Supp. 2d 957, 965 (N.D. Ill. 2012).

### 2. Duty to defend

Target argues that the issue of Carlson's duty to defend is ripe for adjudication. The nature of Carlson's alleged breach is unclear, however.  Both defendants agree that Carlson has furnished, and Target has accepted, a defense.  Target apparently takes issue with the fact that the defense was furnished under a reservation of rights, but it cites no authority indicating that offering a defense with a reservation of rights breaches the duty to defend.

Regardless, because the Court grants both motions for summary judgment as to the plaintiffs, any impending conflict about the possibility that Carlson would withdraw from Target's defense seems to be moot.  To the extent that there remains any live dispute about Carlson's duty to defend, the Court requests that the parties bring it to the Court's attention.

## Conclusion

For the foregoing reasons, the Court grants the defendants' motions for summary judgment as to the plaintiffs' claims [dkt. nos. 47, 53].  The Court denies Target's motion for partial summary judgment regarding its crossclaim against Carlson [dkt. no. 56]. Because the Court has not disposed of the crossclaim, it does not appear that it can at this point enter a final judgment.  The case is set for a status hearing on September 27,

2018 at 9:30 a.m. The parties should be prepared to address what needs to be done to bring the case to a conclusion.

Date: September 20, 2018

_____
MATTHEW F. KENNELLY
United States District Judge